UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALDO S. DOMINGUEZ,

                        Plaintiff,

-against-

BOARD OF EDUCATION OF THE YONKERS CITY SCHOOL DISTRICT; YONKERS CITY SCHOOL DISTRICT; EDWIN M. QUEZADA, ED.D., *individually and as Superintendent of the Yonkers City School District*; and TED VON HOENE, *individually and as Human Resources Manager of the Yonkers City School District*,

                        Defendants.

---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __5/2/2025__

23-cv-2460 (NSR)

OPINION & ORDER

---

NELSON S. ROMÁN, United States District Judge

      Plaintiff Aldo S. Dominguez brings this action against Defendants Board of Education of the Yonkers City School District ("BOE"); Yonkers City School District (the "District"); Edwin M. Quezada, Ed.D., individually and as Superintendent of the Yonkers City School District; and Ted von Hoene, individually and as Human Resources Manager of the Yonkers City School District (collectively, "Defendants"). Plaintiff, in his Second Amended Complaint, asserts claims under (1) the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), (2) the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* ("RA"), and (3) the New York State Human Rights Law, Executive Law § 290 *et. seq.* ("NYSHRL").

      Presently before the court is Defendants' motion to dismiss Plaintiff's Second Amended Complaint ("SAC"). (ECF No. 43.) For the following reasons, the Court GRANTS in full Defendants' motion to dismiss.

1

I.  **Factual Allegations**

The following facts are drawn from Plaintiff's Second Amended Complaint ("SAC") and are taken as true for the purposes of this motion. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff was assigned to teach English as a New Language ("ENL") in a public elementary school located in Yonkers City for the 2020-2021 school year. (SAC ¶ 34.) As an ENL teacher, Plaintiff's position often required him to "push-in" to other teacher's classrooms to provide ENL instruction while the ordinary teachers, assistants, or aids would also remain. (*Id.* ¶¶ 35-36.) Due to the COVID-19 pandemic, the Yonkers City School District (the "District") closed of all its schools to in-person instruction from March 2020 through the end of the 2019-2020 school year in June. (*Id.* ¶ 47.) During the course of this period, Plaintiff alleges he was successfully able to perform his job duties—including the virtual instruction of students—via telework. (*Id.* ¶ 48.) The District remained under a remote learning schedule for the first month of the 2020-2021 school year before returning to in-person instruction. (*Id.* ¶ 49.)

Plaintiff, who was 59 years old during the relevant time period of his claims, alleges he is disabled by physical impairments. (*Id.* ¶ 38.) More specifically, Plaintiff has received three separate kidney transplants at 14, 27, and 40 years old. (*Id.*) Additionally, Plaintiff is a cancer survivor who suffers from atrial fibrillation and hypertension. (*Id.*) Due both in part by his health conditions and treatments thereof, Plaintiff is severely and permanently immunocompromised. (*Id.* ¶¶ 38-39.) His disabilities limit major life activities including, but not limited to, leaving his home and interacting with others. (*Id.* ¶ 40.) Specifically, for example, the COVID-19 pandemic rendered Plaintiff unable to report to work in person, grocery shop in person, and attend appointments in person. (*Id.* ¶¶ 42, 44.) Additionally, Plaintiff's atrial fibrillation and hypertension limit his ability to breathe, perform manual tasks, walk, and lift due to fatigue, shortness of breath,

2

chest pain, and the danger of fainting. (*Id.* ¶¶ 45-46.) His multiple disabilities placed him at high risk of severe illness or death from infection with COVID-19 according to the Centers for Disease Control and Prevention. (*Id.* ¶ 43.)

According to Plaintiff's physician, telework would be the only reasonable accommodation for him during the ongoing COVID-19 pandemic, as that would be the only way to ensure proper social distance needed to avoid being infected with COVID-19. (*Id.* ¶ 51.) Due to his physician's advice, Plaintiff requested a telework accommodation for the 2020-2021 school year. (*Id.* ¶ 52.) Beginning on or about August 4, 2020, and throughout the 2020-2021 school year, Plaintiff made repeated requests for telework accommodations as the District's instructional model changed, but the District's Human Resources Manager Ted von Hoene rejected all such requests. (*Id.* ¶¶ 53-54.) Plaintiff alleges that these telework requests were not permanent requests, rather only until his physicians advised that he was adequately protected from COVID-19. (*Id.* ¶ 57.) Also, on or about August 2020, Plaintiff requested a reasonable accommodation for enhanced safety measures which included but were not limited to a fitted N95 mask, face shields, an exclusive bathroom, and classroom air filter. (*Id.* ¶ 59.) Plaintiff alleges that these enhanced safety measures were agreed to by the Defendants, yet when he reported to work on September 1 and 2 of 2020 none of them were provided. (*Id.* ¶ 60.) As a result of the denial of his telework accommodation and the failure to provide him with basic safety measures, Plaintiff began a medical leave of absence on September 3, 2020. (*Id.* ¶¶ 61-63.) This medical leave of absence forced Plaintiff to use approximately 128 sick days during the 2020-2021 school year. (*Id.* ¶ 86.)

Plaintiff alleges that the District permitted non-disabled teachers to telework throughout the 2020-2021 school year. Specifically, he alleges that the District (1) assigned non-disabled, supplementary non-classroom reading teachers exclusive virtual teaching assignments where

instruction was provided to groups of students remotely (*Id*. ¶ 71); (2) closed to in person instruction those schools within the District that had acute outbreaks of COVID-19, allowing non-disabled teachers the ability to telework during such outbreaks (*Id*. ¶ 73); and (3) permitted non-disabled teachers who were placed in quarantine for confirmed or suspected COVID-19 infection to telework during such quarantine periods (*Id*. ¶ 74.) Plaintiff alleges that the District denied him the opportunities that were available to teachers who were of the same or similar disposition to him, and forced him into a medical leave of absence because of his disability. (*Id*. ¶¶ 82-83.) On September 9, 2020, Superintendent Quezada confirmed that the District would allow telework for teachers in quarantine. (*Id*. ¶ 76.)

On March 5, 2021, Plaintiff filed an equal discrimination with the Equal Employment Opportunity Commission ("EEOC") raising the same claims of discrimination described above. (*Id*. ¶ 24.) On January 13, 2023, the EEOC issued a Right to Sue letter. (*Id*. ¶ 19.) On or about January 29, 2021, Plaintiff served a Notice of Claim on Defendants asserting the same claims. (*Id*. ¶ 27.)

Based on the foregoing, Plaintiff brings claims alleging violations of the ADA, RA, and NYSHRL.

## II.     Relevant Procedural History

Plaintiff commenced this action on March 23, 2023, in his initial complaint. (ECF No. 1.) Plaintiff subsequently filed his First Amended Complaint on September 13, 2023. (ECF No. 30.)

Defendants filed their motion to dismiss Plaintiff's First Amended Complaint on January 24, 2024. (ECF Nos. 36-40.) On July 16, 2024, the Court granted Defendant's motion to dismiss in its entirety, without prejudice, and granted Plaintiff leave to file a Second Amended Complaint. (ECF No. 41.)

On August 16, 2024, Plaintiff filed his Second Amended Complaint ("SAC"), with the attached exhibits. (ECF No. 43, "Exs. 1, 2".) On September 4, 2024, the Court granted Defendants leave to move to dismiss Plaintiff's Second Amended Complaint. (ECF No. 48.) Both parties filed their respective papers on November 19, 2024, in regard to Defendants' motion to dismiss: Defendants filed their motion to dismiss (ECF No. 50), Declaration of Joanna M. Topping in support (ECF No. 51), Memorandum of Law in Support (ECF No. 52, "Defs. Mem.") and Reply (ECF No. 53, "Reply"); and Plaintiff filed his opposition (ECF No. 48, "Pl. Opp.").

## LEGAL STANDARD

### I. Rule 12(b)(6)

In order to survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 554, 570 (2007)). Factual allegations must "nudge [a plaintiff's] claim from conceivable to plausible." *Twombly*, 550 U.S. at 570. A claim is plausible when the plaintiff pleads facts which allow the court to draw a reasonable inference the defendant is liable for the unlawful activity alleged. *Iqbal*, 556 U.S. at 678. "In considering a motion to dismiss for failure to state a claim, the district court is normally required to look only to the allegations on the face of the complaint … the court may [also] consider documents that are attached to the complaint, incorporated in it by reference, [or] integral to the complaint." *United States v. Strock*, 982 F.3d 51, 63 (2d Cir. 2020) (quotation marks omitted).

In assessing the sufficiency of the claims, the court is "not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir. 2013). While legal conclusions may provide the "framework of a complaint," "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

5

do not suffice." *Iqbal*, 556 U.S. at 678-79. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* at 678.

## II. Law-of-the-Case Doctrine

Being that the Court has already dismissed Plaintiff's First Amended Complaint, the law-of-the-case doctrine applies to his Second Amended Complaint. "The law-of-the-case doctrine 'holds that when a court has ruled on an issue, that decision should generally be adhered to by the court in subsequent stages unless cogent and compelling reasons militate otherwise.'" *Illescas v. Annuci*, No. 21-CV-8473 (NSR), 2024 WL 4882774, at *3 (S.D.N.Y. Nov. 25, 2024) (quoting *Delville v. Firmenich Inc.*, 23 F. Supp. 3d 414, 425 (S.D.N.Y. 2014)). Essentially, although not binding, the law-of-the-case doctrine counsels courts against revisiting prior rulings unless a compelling reason such as the need to correct a clear error or prevent manifest injustice exists. *See In re Peters*, 642 F.3d 381 (2d Cir. 2011).

## DISCUSSION

Plaintiff, in his Second Amended Complaint, brings claims pursuant to the ADA, the RA, and the NYSHRL. The Court addresses them in turn.

## I. ADA and RA Claims

This court previously dismissed Plaintiff's ADA and RA claims for failure to demonstrate that (1) Plaintiff is a disabled individual under those statutes and (2) that Plaintiff could perform the essential functions of his job with the requested accommodations. (ECF No. 41, Op. and Order, 7/16/2024 pp. 8-13.) Plaintiff's Second Amended Complaint and opposition letters are similarly deficient in failing to offer any substantive allegations that would indicate that Plaintiff qualifies as a disabled or handicapped individual under the ADA and RA. Thus, the law-of-the-case doctrine favors dismissing Plaintiff' ADA and RA claims once more.

"Under the ADA, a qualifying disability must limit a major life activity and the limitation must be substantial." *Langella*, No.18-CV-10023 (NSR), 2023 WL 2529780 at *3 (quoting *O'Hara v. Bd. Of Coop. Educ. Servs., S. Westchester*, No. 18-CV-8502 (KMK), 2020 WL 1244474, at *12 (S.D.N.Y. July 9, 2008)). "Factors to consider in determining whether a major life activity is substantially limited include: the nature and severity of the impairment; its duration or expected duration; and the existence of any actual or expected permanent or long term impact." *O'Hara v. Bd. Of Coop. Educ. Servs., S. Westchester,* No. 18-CV-8502 (KMK), 2020 WL 1244474, at *12 (S.D.N.Y. Mar. 16, 2020). Similarly, the Rehabilitation Act defines a "handicapped person" as "any person who (i) has a physical or mental impairment which substantially limits one or more major life activities, (ii) has a record of such an impairment, or (iii) is regarded as having such an impairment," 45 C.F.R. § 84.3(j)(1), and a "qualified handicapped person" as one who "with reasonable accommodation, can perform the essential functions of the job in question." 45 C.F.R. § 84.3(l)(1).

Plaintiff, in his Second Amended Complaint, adds limited assertions to his First Amended Complaint. Plaintiff only states, in conclusory fashion, that his medical conditions limited his ability to carry out major life activities such as working in person, grocery shopping, or attending in person appointments. (SAC ¶¶ 3, 42, 44-45.) Fatally, such conclusory allegations, even when considered in a light most favorable to the Plaintiff, cannot help the Second Amended Complaint survive Defendants' motion to dismiss.

Plaintiff's allegations, as currently written, are not enough to survive dismissal because it is well-established that a plaintiff must do more than proffer "conclusory statements" to adequately assert a substantial limitation for the purposes of stating a claim under the ADA and RA. *Kelly v. New York State Off. Of Mental Health*, 200 F. Supp. 3d 378, 393 (E.D.N.Y 2016). Further,

7

allegations that "merely track the language of the statute" or "[v]ague, conclusory assertions without details on how a plaintiff's condition actually affects a major life activity are insufficient" to survive a motion to dismiss. *Cain v. Mandl Coll. Of Allied Health*, No. 14-CV-1729 (ER), 2017 WL 2709743, at *4 (S.D.N.Y. June 22, 2017); see also *Shine v. New York City Hous. Auth.*, No. 19-CV-04347 (RA), 2020 WL 5604048, at *7 (S.D.N.Y. Sept. 18, 2020) (noting that "courts in this Circuit have established that plaintiffs must plead more than vague or conclusory allegations regarding 'difficulty' or 'trouble' conducting a major life activity."; *Parada v. Banco Indus. De Venezuala*, C.A., 753 F.3d 62, 69 (2d Cir. 2014). Plaintiff still fails to assert any non-vague, non-conclusory statements as to how his immune system issues or atrial fibrillation and hypertension significantly affected his major life activities.

Plaintiff's allegations parallel those made by the plaintiff in *Cain v. Mandl Coll. Of Allied Health*. *Cain v. Mandl Coll. Of Allied Health*, No. 14 Civ. 1729 (ER), 2017 WL 2709743 (S.D.N.Y. June 22, 2017), which ultimately were dismissed under the 12(b)(6) analysis. In *Cain*, the court found that plaintiff's Second Amended Complaint failed to explain the extent to which any of her major life activities were substantially limited by her PTSD diagnosis and found her assertions to be vague and conclusory. *Id*. at *4. The plaintiff in *Cain* had alleged that she "experienced physical symptoms such as insomnia and loss of appetite as well as confusion, and obsessive thinking over the future." *Id.* (internal quotations omitted). Here, Plaintiff alleges that he was unable to report to work in person, grocery shop in person, and attend appointments in person. (SAC ¶¶ 42, 44.) He also alleges that his atrial fibrillation and hypertension limit his ability to breathe, perform manual tasks, walk, and lift due to fatigue, shortness of breath, chest pain, and the danger of fainting. (*Id.* ¶¶ 45-46.) Plaintiff's assertions track the ones made by the plaintiff in *Cain* in that they fail to specify how his ailments actually affect his major life activities, and, instead, only parrot the

statutory language stating that his impairments substantially limit one or more major life activity. *See Hallgren v. Bell Atl. Corp.,* No. 99 Civ. 11937 (CM)(GAY), 2000 WL 726496, at *1 (S.D.N.Y. May 30, 2000). This is simply insufficient to plausibly state a claim for relief under the ADA and RA. (*Id.*)

Thus, while Plaintiff might have medical conditions which under certain circumstances may rise to the level of a disability, Plaintiff's failure to plead how his impairments significantly impact a major life activity precludes the Court from finding that he qualifies as an individual with a disability under the ADA and RA. *See Capobianco v. City of New York,* 422 F.3d 47, 56 (2d Cir. 2005) (noting that "[n]ot every impairment is a 'disability' within the meaning of the ADA"). Accordingly, Plaintiff's ADA and RA claims must be dismissed without prejudice.

## II.     NYSHRL Claims

The NYSHRL prohibits discrimination based on an individual's disability. N.Y. Exec. Law §§ 290 *et seq*. Additionally, NYSHRL claims are governed by the same legal standard as ADA and RA claims. *Frilando v. New York City Transit Auth.*, 463 F. Supp. 3d 501, 514 (S.D.N.Y. 2020) ("Courts apply the same standard for failure to accommodate cases under the ADA, [RA and] NYSHRL.")

Having dismissed Plaintiff's federal claims over which the Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining NYSHRL claims.[1] *Walker v. NYS Just. Ctr. For Prot. Of People with Special Needs*, 493 F. Supp. 3d 239, 251 (S.D.N.Y. 2020) ("A federal district court may decline to exercise supplemental claims over state-law claims when it 'has dismissed all claims over which it has original jurisdiction.'") (citing

---

[1] In his opposition to Defendants' Second Amended Complaint, Plaintiff states that his Fourth Cause of Action against Defendants Quezada and von Hoene for aiding and abetting in discrimination are asserted under the NYSHRL. (Pl. Opp. at 13.)

9

28 U.S.C. §1367(c)(3)). Therefore, Plaintiff's NYSHRL claims are dismissed without prejudice to recommence in state court.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants Board of Education of the Yonkers City School District, the Yonkers City School District, Edwin M. Quezada and Ted von Hoene's motion to dismiss Plaintiff's Second Amended Complaint, without prejudice. Specifically, the Court dismisses without prejudice Plaintiff's First, Second, Third, and Fourth Causes of Action.

Plaintiff is granted leave to file a Third Amended Complaint by June 6, 2025, consistent with this order. Plaintiff is advised that the Third Amended Complaint will replace, and not supplement, all previous complaints, and so any claims that he wishes to pursue must be included in, or attached to, the Third Amended Complaint. Should Plaintiff file a Third Amended Complaint, Defendants are directed to answer or otherwise respond by June 27, 2025. If Plaintiff fails to file a Third Amended Complaint within the time allowed, those claims that were dismissed without prejudice will be deemed dismissed with prejudice.

The Clerk of the Court is kindly directed to terminate the motion at ECF No. 50.

Dated: May 2, 2025  
       White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge