USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___6/9/2026___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALDO S. DOMINGUEZ,

                              Plaintiff,

           -against-

BOARD OF EDUCATION OF THE YONKERS
CITY SCHOOL DISTRICT; YONKERS CITY
SCHOOL DISTRICT; EDWIN M. QUEZADA,
ED.D., *individually and as Superintendent of the
Yonkers City School District*; and TED VON
HOENE, *individually and as Human Resources
Manager of the Yonkers City School District*,

                              Defendants.

23-cv-2460 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

Plaintiff Aldo S. Dominguez brings this action against Defendants Board of Education of

the Yonkers City School District ("BOE"); Yonkers City School District (the "District"); Edwin

M. Quezada, Ed. D., individually and as Superintendent of the Yonkers City School District; and

Ted von Hoene, individually and as Human Resources Manager of the Yonkers City School

District (collectively, "Defendants"). Plaintiff, in his Third Amended Complaint, asserts claims

under (1) the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), (2) the

Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* ("RA"), and (3) the New York State Human

Rights Law, Executive Law § 290 *et seq.* ("NYSHRL").

Presently before the court is Defendants' motion to dismiss Plaintiff's Third Amended

Complaint ("TAC"). (ECF No. 61.) For the following reasons, the Court DENIES Defendants'

motion to dismiss.

## I.    Factual Background

The following facts are drawn from Plaintiff's Third Amended Complaint ("TAC") and are taken as true for the purposes of this motion. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff was assigned to teach English as a New Language ("ENL") in a public elementary school for the 2020-2021 school year. (TAC ¶ 79.)  His position required him to "push-in" to other teachers' classrooms to provide ENL instruction, during which the ordinary classroom teacher, teaching assistants, or aides would remain in the classroom. (*Id.* ¶¶ 80-81.) From March 2020 through the end of the 2019-2020 school year in June 2020, Yonkers City School District (the "District") closed all of its schools to in-person instruction due to the COVID-19 pandemic. (*Id.* ¶ 106.) During this period, Plaintiff claims he successfully performed his job duties—including the virtual instruction of students—via telework. (*Id.* ¶ 107.) Due to the safety risks of in-person education, District students also engaged in remote learning for the first month of the 2020-2021 school year. (*Id.* ¶ 108.)

Plaintiff alleges he is disabled by physical impairments. (*Id.* ¶ 134.) Plaintiff has suffered from kidney disease since age 5. (TAC ¶ 34.) Specifically, Plaintiff has undergone three kidney transplants, in 1978, 1990, and 2005.[1] *(Id.* ¶¶ 36-40.) Further, he asserts symptoms including but not limited to edema in the ankles and feet, high cholesterol, persistent fatigue, hypertension, and neuropathy in his extremities, due to diminished kidney function. (TAC ¶ 43.) Plaintiff requires lifelong immunosuppression medications including Tacrolimus and Mycophenolic Acid, the use of which places the Plaintiff at a higher risk of infection compared to the general population. (TAC

---

[1] In his opposition, Plaintiff writes that he received kidney transplants at ages 14, 21, and 40. Note, this is a discrepancy with other documents submitted which state that he received kidney transplants at 14, 27, and 40. (Pl. Opp. at 10.)

¶ 45.) Moreover, Plaintiff has suffered from multiple severe infections due to his kidney disease, including a fungal infection, sepsis, and cancer. (TAC ¶¶ 47-48, 52-53.)

His disabilities limit major life activities including, but not necessarily limited to, breathing, performing manual tasks, walking, lifting, working, interacting with others, and attending medical appointments. (*Id.* ¶¶ 56, 59.) Specifically, Plaintiff's atrial fibrillation and hypertension limit his ability to engage in physical movement and activity, as well as routine strenuous tasks, due to resulting fatigue, shortness of breath, chest pain, and the danger of fainting. (*Id.* ¶ 59.) Moreover, due to Plaintiff's kidney disease, status as a transplant recipient, and status as a cancer survivor, his physicians recommended that he take every possible precaution to limit his interactions with others. (*Id.* ¶ 64.) His medical conditions place him at high risk of severe illness or death if he were to become infected with COVID-19 according to the Centers for Disease Control and Prevention. (*Id.* ¶ 62.)

Plaintiff's physicians advised him to take maximum precautions to avoid contracting COVID-19. (*Id.* ¶ 66.) Consequently, for the 2020-2021 school year, Plaintiff requested a telework accommodation from the District to mitigate his risk of contracting COVID-19 and becoming seriously ill or dying due to his underlying medical conditions. (*Id.* ¶ 85.) Beginning on or about August 4, 2020, and throughout the 2020-2021 school year, Plaintiff made repeated requests for teleworking accommodations as the District's instructional model changed, but the District's Human Resources Manager, von Hoene, rejected Plaintiff's requests. (*Id.* ¶¶ 84-86.) The District also failed to provide him with basic protective measures such as an N95 mask, face shields, an exclusive bathroom, and an air filter as Defendants allegedly had discussed with Plaintiff and agreed to provide. (*Id.* ¶¶ 92-94.) Due to the denial of his telework accommodation and the failure to provide him basic protective measures, Plaintiff began a medical leave of absence on September

3, 2020. (*Id.* ¶ 97.) Plaintiff ultimately used approximately 128 sick days during the 2020-2021 school year to cover his forced medical leave. (*Id.* ¶ 99.)

Plaintiff alleges the District permitted non-disabled teachers to telework throughout the 2020-2021 school year. (*Id.* ¶ 114). Specifically, the District (1) assigned non-disabled, supplementary, reading teachers exclusive virtual teaching assignments, where instruction was provided to groups of students remotely (*id.*); (2) closed to in-person instruction those schools that had acute outbreaks of COVID-19 throughout the school year and permitted non-disabled teachers at those schools to telework (*id.* ¶ 117); and (3) permitted same or similarly situated non-disabled teachers quarantined for confirmed or suspected COVID-19 infection to telework during their quarantine periods (*id.* ¶ 118). The District did not offer any of these assignments to Plaintiff. (*Id.* ¶ 114.)

On March 5, 2021, Plaintiff filed a charge of discrimination with the Equal Opportunity Commission ("EEOC") raising the same claims of discrimination described above. (*Id.* ¶ 28.) On January 13, 2023, the EEOC issued a Right to Sue letter. (*Id.* ¶ 29.) On or about January 29, 2021, Plaintiff served a Notice of Claim on Defendants asserting the same claims. (*Id.* ¶ 31.)

## II.     Procedural History

Plaintiff commenced this action by filing the initial Complaint on March 23, 2023, and filed the First Amended Complaint on September 13, 2023. (ECF Nos. 1, 30.) Defendants filed their motion to dismiss Plaintiff's First Amended Complaint on January 24, 2024. (ECF Nos. 36-40.) On July 16, 2024, the Court granted Defendant's motion to dismiss in its entirety, without prejudice, and granted Plaintiff leave to file a Second Amended Complaint. (ECF No. 41.)

Plaintiff filed his Second Amended Complaint on August 16, 2024. (ECF No. 43.) Defendants then moved to file their motion to dismiss Plaintiff's Second Amended Complaint on

November 19, 2024. (ECF No. 50.) On May 2, 2025, the Court granted Defendant's motion to dismiss in its entirety, without prejudice, and granted Plaintiff leave to file a Third Amended Complaint (ECF No. 54.)

On June 6, 2025, Plaintiff filed his Third Amended Complaint ("TAC"), with the attached exhibits. (ECF No. 55. "Exs. 1, 2, 3".) On October 2, 2025, Defendants filed their motion to dismiss (ECF No. 61.), memorandum of law in support (ECF No. 64, "Defs. Mem.") and reply (ECF No. 63.); and Plaintiff filed his opposition (ECF No. 60, "Pl. Opp.")

## LEGAL STANDARD

### I.      Rule 12(b)(6)

To survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Factual allegations must "nudge [a plaintiff's] claim from conceivable to plausible." *Twombly*, 550 U.S. at 570. A claim is plausible when the plaintiff pleads facts which allow the court to draw a reasonable inference the defendant is liable for the unlawful activity alleged. *Iqbal*, 556 U.S. at 678. "In considering a motion to dismiss for failure to state a claim, the district court is normally required to look only to the allegations on the face of the complaint . . . the court may [also] consider documents that are attached to the complaint, incorporated in it by reference, [or] integral to the complaint." *United States v. Strock*, 982 F.3d 51, 63 (2d Cir. 2020) (quotation marks omitted).

In assessing the sufficiency of the claims, the court is "not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir. 2013). While legal conclusions may provide the "framework of a complaint,"

"threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678-79. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* at 678.

## DISCUSSION

Plaintiff, in his Third Amended Complaint, brings claims pursuant to the ADA, the RA, and the NYSHRL. The Court addresses them in turn.

### I.      ADA and RA Claims

This court previously dismissed, on two occasions, Plaintiff's ADA and RA because Plaintiff failed to plausibly allege that (1) Plaintiff is a disabled individual under these statutes and (2) that Plaintiff could perform the essential functions of his job with the requested accommodations. (ECF No. 54, Op. and Order, 05/02/2025 pp. 6-9.) The TAC adds factual allegations directed to both deficiencies. Although those allegations are thin, they are sufficient at this stage to cross the plausibility threshold.

To state a failure-to-accommodate claim, Plaintiff must plausibly allege that he "(1) [i]s a person with a disability under the ADA; (2) an employer covered by the statute had notice of his disability; (3) with reasonable accommodation, plaintiff could perform the essential functions of the job; and (4) the employer has refused to make such accommodations." *See McMillan v. City of New York*, 711 F.3d 120, 125-26 (2d Cir. 2013)."Under the ADA, [a] qualifying disability 'must limit a major life activity and the limitation must be substantial." *See Langella v. Mahopac Ctr. Sch. Dist.*, No. 18-CV-10023 (NSR), 2020 WL 2836760, at *3 (S.D.N.Y. May 31, 2020). "Factors to consider in determining whether a major life activity is substantially limited include: the nature and severity of the impairment; its duration or expected duration; and the existence of any actual or expected permanent or long-term impact." *O'Hara v. Bd. of Coop. Educ. Servs., S. Westchester*,

No. 18-CV-8502 (KMK), 2020 WL 1244474, at *12 (S.D.N.Y. Mar. 16, 2020). Claims under the Rehabilitation Act are analyzed under the same standard as ADA claims, except that the Rehabilitation Act applies to programs receiving federal financial assistance.

First, Plaintiff now pleads sufficient facts to allege that he is disabled within the meaning of the ADA and RA. The disability standard requires a plaintiff to go beyond simply stating an impairment, he must plead facts supporting a reasonable inference that he is substantially limited in his ability to engage in major life activities. *Wolicki v. Paperworks Indus., Inc.*, No. 5:25-CV-0403 (GTS/MJK), 2026 U.S. Dist. LEXIS 13475, at *10-11 (N.D.N.Y. Jan. 26, 2026). Plaintiff alleges that treating his kidney disease has caused him to experience tremors which result in difficulties typing and lifting. (TAC ¶ 49.) He also alleges that, due to his paroxysmal atrial fibrillation, he suffers from lightheadedness and shortness of breath, which require him to stop and sit down frequently. (TAC ¶ 60.) These allegations do more than simply track the language of the statute. Although Defendants argue that Plaintiff again offers only conclusory allegations, the TAC now provides the type of factual detail the Court found missing from the prior pleadings. At the pleading stage, Plaintiff has plausibly alleged that his impairments substantially limited one or more major life activities.

Second, Plaintiff plausibly alleges that he could perform the essential functions of his job with a reasonable accommodation. In evaluating whether a job function is "essential", courts consider, among other things, written job descriptions, the amount of time performing the function, the work experience of past employees in the position, and the work experience of current employees in similar positions. *Stevens v. Rite Aid Corp.*, 851 F.3d 224, 229 (2d Cir. 2017). At the same time, whether a function is essential is often a fact-specific inquiry not well suited for resolution on a motion to dismiss.

Plaintiff teaches ENL, which requires him to "push-in" to other teachers' classrooms and provide ENL instruction to a small group of students within the required grade level. (TAC ¶¶ 79-80.) The TAC further alleges that, when Plaintiff pushed in, the ordinary classroom teacher, teaching assistants, or aides remained in the classroom. (*Id*. ¶ 81.) When the District closed all of its schools to in-person instruction from March 2020 through the end of the school year, Plaintiff performed his work remotely and alleges no negative impact on his essential duties. (TAC ¶¶ 106-07.) Plaintiff also alleges the District assigned non-classroom reading teachers, who similarly employ the push-in approach, exclusive virtual teaching assignments. (TAC ¶ 114.) Likewise, during the "Holiday Remote Learning Pause", which suspended all in-person instruction from January 4, 2021, to January 11, 2021, the District permitted telework for all teachers. (TAC ¶¶ 121-22.) Plaintiff alleges he was not afforded the same opportunity to telework during this time. (TAC ¶ 123.) These allegations plausibly support the inference that some form of remote or isolated instruction may have allowed Plaintiff to perform the essential instructional functions of his ENL position.

The TAC also plausibly alleges the remaining elements of a failure-to-accommodate claim. Defendants were on notice of Plaintiff's disability and requested accommodation through his repeated telework requests beginning in August 2020, and Defendants allegedly refused to provide the requested accommodation or the enhanced protective measures discussed with Plaintiff. (TAC ¶¶ 84-86, 92-94.) Defendants may ultimately show, on a fuller record, that in-person teaching was an essential function of Plaintiff's position and that Plaintiff's requested accommodation was unreasonable. But accepting the TAC's allegations as true, the Court cannot resolve that fact-intensive issue on the pleadings. Accordingly, Defendants' motion to dismiss Plaintiff's ADA and RA claims is denied.

II.    **NYSHRL Claims**

The NYSHRL prohibits discrimination based on an individual's disability. N.Y. Exec. Law §§ 290 *et seq.* NYSHRL failure-to-accommodate claims are governed by the same standard as ADA and RA claims. *Frilando v. New York City Transit Auth.*, 463 F. Supp. 3d 501, 514 (S.D.N.Y. 2020) ("Courts apply the same standard for failure to accommodate cases under the ADA, [RA and] NYSHRL.")

Because the Court denies Defendants' motion to dismiss Plaintiff's federal claims, the Court retains supplemental jurisdiction over Plaintiff's NYSHRL claims. *See* 28 U.S.C. § 1367(a). Defendants nevertheless argue that Plaintiff's NYSHRL claims are barred by the one-year limitations period under New York Education Law § 3813(2-b). The Court disagrees. Plaintiff filed his EEOC charge on March 5, 2021, and received his Right to Sue letter on January 13, 2023. The Court finds that Plaintiff's EEOC filing tolled the limitations period for his NYSHRL claims. *See Langella v. Mahopac Ctr. Sch. Dist.*, No. 18-CV-10023 (NSR), 2020 WL 2836760, at *15-16. Defendants' reliance on *Castagna* is unpersuasive because *Castagna* addressed state-law tort claims and did not involve NYSHRL claims filed alongside an EEOC charge. *See Castagna v. Luceno*, 744 F.3d 254, 255 (2d Cir. 2014). In any event, Defendants raise the tolling issue only briefly, and the Court declines to dismiss Plaintiff's state-law claims on that basis at this stage.

For the same reasons Plaintiff's ADA and RA claims survive, Plaintiff has also plausibly stated a NYSHRL failure-to-accommodate claim. Plaintiff's aiding-and-abetting claim against the individual defendants likewise survives because it rises with the underlying NYSHRL claim. Accordingly, Defendants' motion to dismiss Plaintiff's NYSHRL claims is denied.

**CONCLUSION**

For the foregoing reasons, the Court DENIES Defendants' motion to dismiss Plaintiff's Third Amended Complaint in its entirety. Defendants are directed to answer the Complaint by June 30, 2026, and the parties are directed to confer and file a Case Management Plan and Scheduling Order (blank form attached) by July 20, 2026.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 61.

Dated:    June 9, 2026
          White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

UNITED STATES DISTRICT COURT                                  Rev. May 2014
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x


                                                    **CIVIL CASE DISCOVERY PLAN**
                              Plaintiff(s),          **AND SCHEDULING ORDER**
           - against -


                              Defendant(s).        _____ CV _____ (NSR)


-------------------------------------------------------------x

           This Civil Case Discovery Plan and Scheduling Order is adopted, after consultation with
counsel, pursuant to Fed. R. Civ. P. 16 and 26(f):

   1.      All parties [consent] [do not consent] to conducting all further proceedings before
           a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c).
           The parties are free to withhold consent without adverse substantive consequences.
           (If all parties consent, the remaining paragraphs of this form need not be
           completed.)

   2.      This case [is] [is not] to be tried to a jury.

   3.      Joinder of additional parties must be accomplished by _____.

   4.      Amended pleadings may be filed until _____. Any party
           seeking to amend its pleadings after that date must seek leave of court via motion.

   5.      Interrogatories shall be served no later than _____, and responses
           thereto shall be served within thirty (30) days thereafter.  The provisions of Local
           Civil Rule 33.3 [shall] [shall not] apply to this case.

   6.      First request for production of documents, if any, shall be served no later than
           _____.

   7.      Non-expert depositions shall be completed by _____.

           a.      Unless counsel agree otherwise or the Court so orders, depositions shall not
                   be held until all parties have responded to any first requests for production
                   of documents.

           b.      Depositions shall proceed concurrently.

           c.      Whenever possible, unless counsel agree otherwise or the Court so orders,

non-party depositions shall follow party depositions.

8.      Any further interrogatories, including expert interrogatories, shall be served no later than _____.

9.      Requests to Admit, if any, shall be served no later than _____.

10.     Expert reports shall be served no later than _____.

11.     Rebuttal expert reports shall be served no later than _____.

12.     Expert depositions shall be completed by _____.

13.     Additional provisions agreed upon by counsel are attached hereto and made a part hereof.

14.     **ALL DISCOVERY SHALL BE COMPLETED BY** _____.

15.     Any motions shall be filed in accordance with the Court's Individual Practices.

16.     This Civil Case Discovery Plan and Scheduling Order may not be changed without leave of Court (or the assigned Magistrate Judge acting under a specific order of reference).

17.     The Magistrate Judge assigned to this case is the Hon. _____.

18.     If, after entry of this Order, the parties consent to trial before a Magistrate Judge, the Magistrate Judge will schedule a date certain for trial and will, if necessary, amend this Order consistent therewith.

19.     The next case management conference is scheduled for _____, at _____. (The Court will set this date at the initial conference.)

SO ORDERED.

Dated: _____
White Plains, New York

_____
Nelson S. Román, U.S. District Judge